# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC JOHNSTON,

        **Plaintiff,**

v.                                             **Civil Action No. 1:12cv148**
                                                   **(Judge Keeley)**

STATE OF WEST VIRGINIA;
JUDGE DAVID SANDERS; and
HASSAN RASHEED, Ass't.
Prosecuting Attorney,

        **Defendants.**

## REPORT AND RECOMMENDATION

On September 19, 2012, the plaintiff, a *pro se* state prisoner, filed this civil rights action pursuant to 42 U.S.C. §1983 raising challenges to his sentence, in particular, a failure on the part of the State of West Virginia, the court and the prosecuting attorney, to credit him for two years of pre-trial time served, when he was held on bond before being indicted. As relief, he seeks to be credited with two years on his sentence.

## I.  Standard of Review

Along with his complaint, the plaintiff filed a motion to proceed as a pauper. That motion has not yet been ruled upon. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C.§ 1915(e).

Because the plaintiff is a prisoner proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), the Court is required to perform a judicial review of the complaint and must dismiss this case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a

liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint filed *in forma pauperis*

which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See Neitzke

at 328.   Frivolity dismissals should only be ordered when the legal theories are "indisputably

meritless,"[1] or when the claims rely on factual allegations which are  "clearly baseless."  Denton v.

Hernandez, 504 U.S. 25, 32 (1992).

## II.   Analysis

### A.   Claims Under § 1983

Title 42 U.S.C. §1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person within the jurisdiction
thereof to the deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress, except that in any action brought
against a judicial officer for an act or omission taken in such officer's judicial
capacity, injunctive relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable. For the purposes of this section, any
Act of Congress applicable exclusively to the District of Columbia shall be
considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a

person acting under color of state law deprived him of a right guaranteed by the Constitution or

federal laws.  Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).  Here, the plaintiff cannot establish

that the defendants are either "persons" for purposes of §1983, or that they are state actors. See

Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (Claims under § 1983 are

directed at persons); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989)(neither

a State nor its officials acting in their official capacities are persons under § 1983); Preval v. Reno,

203 F.3d 821 (4th Cir. 2000) (unpublished) (the Piedmont Regional Jail is not a person under § 1983);

---

[1] Id. at 327.

Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (the West Virginia Regional Jail Authority is not a person under § 1983).

Accordingly, the plaintiff fails to state a claim under § 1983.

**B.** **Plaintiff's State Habeas Corpus Claims**

Title 18 U.S.C. §2254 provides the statutory authority for a federal Court to consider a state prisoner's attack of his state court conviction. Section 2254 restricts a state prisoner's access to federal relief through the following requirements:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that - -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

18 U.S.C. §2254.

Here, the plaintiff the petitioner is in custody pursuant to the judgment of a State court. He is alleging that his constitutional rights are being violated by his wrongful incarceration for an extra two years,[1] before he was even indicted on the charges for which he was later convicted and received his five-year sentence.[2]

The United States Supreme Court has repeatedly stated that the habeas corpus statute "is the appropriate remedy for state prisoners attacking the validity of the fact or length of their

---

[1] The plaintiff contends he could not pay the $10,000.00 bond, so he remained in jail from May 5, 2009 until May 5, 2011 before being indicted. It is unclear from his pleadings when he was finally indicted, convicted or sentenced, although the West Virginia Regional Jail and Correctional Facility's "Inmate Search" lists his booking date at the Eastern Regional Jail, where he is presently incarcerated, as August 1, 2011.

[2] Plaintiff contends that his conviction only carries a 5-year sentence "with good time." He attaches documents showing he was committed to the regional jail system on May 5, 2009, but nothing to prove when he was released, or what the actual sentence was, when he was ultimately convicted. However, elsewhere in his complaint he references that there is a one - ten year sentence for the crime he was convicted of, "1 count breaking & entering." Dkt.#1 at 7).

3

confinement." <u>Preiser v. Rodriguez</u>, 411 U.S. at 490; *accord* <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994). This is true whether the state prisoner seeks injunctive relief or monetary damages. <u>Heck</u>, 512 U.S. at 483-88.

Assuming plaintiff's claims are true, the plaintiff is stating a state habeas corpus claim, and he must re-file his complaint as such. However, the plaintiff is reminded that federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). Therefore, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (*per curiam*).

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner." <u>Upshaw v. Singletary</u>, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted). This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

### III. <u>Recommendation</u>

Because the plaintiff fails to state a claim for which relief can be granted under 42 U.S.C. § 1983, this Court cannot exercise jurisdiction over his claims. Accordingly, the undersigned

recommends that the plaintiff's civil rights complaint (Dkt.# 1) be **DENIED** and **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).

Further, the undersigned also recommends that plaintiff's pending motion to proceed *in forma pauperis*[2] (Dkt.# 3) be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this recommendation, or by **October 8, 2012,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 24, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's ledger sheets indicate that he has had a zero balance and no deposits at all into his Prison Trust Account for the previous six months before he filed his case. Because the fee for plaintiff's presumably mistakenly filing his state habeas corpus claim as a civil rights claim pursuant to 42 U.S.C. §1983 would be $350.00 instead of the $5.00 fee for filing a state habeas case, in the interests of justice, the undersigned finds it best to dismiss the *in forma pauperis* motion as moot.